Filed 5/28/24  P. v. Williams CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MELVIN WILLIAMS,<br><br>     Defendant and Appellant. | B333593<br><br>(Los Angeles County<br>Super. Ct. No. TA124662-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying defendant's petition for resentencing brought under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

On October 9, 2013, the People filed a third amended Information charging defendant Melvin Williams with infliction of corporal injury on Carliss Bell, assault on Bell by means likely to produce great bodily injury, and criminal threats to Bell in violation of sections 273.5, subdivision (a), 245, subdivision(a)(4), and 422, subdivision (a). The third amended Information also charged Williams with the attempted willful, deliberate, and premeditated murders of Bell and Darrell Williams, possession of a firearm by a felon, contempt of court, first degree residential burglary, and assaults on Bell and Williams with a firearm, in violation of sections 644/187, subdivision (a), 29800, subdivision (a)(1), 166, subdivision (c)(1), 459, and 245, subdivision (b). Other firearm and serious and violent felony enhancements were also alleged.

The jury found Williams guilty of all counts, found the attempted murders were premeditated, willful and deliberate, and found true the firearm enhancement that he personally used a shotgun during the commission of the attempted murders. The jury was unable to agree on whether Williams intentionally discharged the firearm during commission of the attempted murders. In a bifurcated proceeding the trial court found that Williams had suffered a prior strike. The trial court sentenced Williams to 48 years to life plus 8 years. On May 8, 2015, this

---

[1]     Statutory references are to the Penal Code.

2

court affirmed the conviction and sentence.  (*People v. Williams* (May 8, 2015, B252994) [nonpub. opn.].)

On April 29, 2019, Williams filed a petition for resentencing pursuant to section 1172.6 (formerly 1170.95).  On July 19, 2019, the trial court denied the petition because Williams had not been convicted of murder and "[section] 1170.95 requires petitioner to have committed murder."  On March 23, 2022, this court reversed the order denying the petition for resentencing and ordered the trial court to appoint counsel and conduct further proceedings.  The trial court appointed counsel to represent Williams on remand.  The People opposed the petition, contending that the jury was not instructed on aiding and abetting, felony murder, or the natural or probable consequences theory and so when the jury found appellant guilty of attempted premeditated murder, it found he personally harbored express malice.  In support of its opposition, the People filed, among other documents, the instructions provided to the jury.

On August 22, 2023, the trial court denied the petition: "There's no natural and probable consequences [NPC] or aiding and abetting, there's nothing to show that there was any imputed malice.  So it doesn't appear that he's even eligible for resentencing.  I do have the jury instructions, and there's nothing in the jury instructions to show that the jury was instructed on NPC or aiding and abetting."  Williams timely appealed.

For context only, we include the facts of the case: on two separate occasions, Williams engaged in violence, first against his cohabitant Bell and then against Bell and her brother Darrell Williams some months later.  During the latter event, defendant's shotgun went off while the victims were struggling with him.  (*People v. Williams, supra*, B252994.)

3

On January 18, 2024, we appointed counsel to represent Williams on appeal. On March 26, 2024, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us appellant was told he may file his own supplemental brief within 30 days. Counsel sent Williams transcripts of the record on appeal as well as a copy of the brief.

On March 26, 2024, this court sent Williams notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On April 30, 2024 we received Williams's supplemental brief, in which he raises four contentions: 1) his jury trial was infected with "bias and structural error" due to "known Judicial Corruption, Misconduct, Fraud on the Court, Conspiratorial Corruption Judicial Misconduct, Theft, Embezzlement" based on actions of the former mayor of Compton, Omar Bradley; 2) the trial court violated his right to be present at a critical stage of the proceedings when, in his absence, the trial court considered and denied Williams's prior request to be resentenced because his prior convictions were improperly used against him; 3) the trial court denied his December 14, 2014 request for postconviction discovery of *Pitchess* material on the police officers who investigated his case; 4) trial counsel was ineffective for failing to file a supplemental brief or petition for rehearing requesting a remand for sentencing based on changes in the law and "most importantly because appellant suffered Traumatic Brain Injuries from a motor vehicle accident just prior to his incarceration

4

which directly impacted appellant's behavior and was a contributing factor(s) to the commission of offenses(s)."

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for liability for murder (and later, attempted murder).  It also limited the scope of the felony murder rule.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).)  Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.)  Petitions under section 1172.6 address convictions where a defendant was not the shooter but was held vicariously liable on one of several theories of liability identified in the statute.  If the record establishes ineligibility for resentencing as a matter of law, the petition has been properly denied.  (*Lewis*, at pp. 970–972.)  However, the petition and record must establish conclusively that the defendant is ineligible for relief.  (*People v. Lopez* (2022) 78 Cal.App.5th 1,14 [a "petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer."].)  (*Ibid.*)  When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo.  (*Ibid.*)

After appointment of counsel, the trial court assesses when a prima facie case for relief has been made.  The prima facie inquiry is limited.  (*Lewis, supra*, 11 Cal.5th at p. 971.)  In

5

assessing whether a defendant has made a prima facie case for relief pursuant to section 1172.6, ruling on a resentencing petition, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, at pp. 971–972.) However, *Lewis* cautions that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low; a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972*.)*

The jury's verdict and jury instructions establish that Williams was prosecuted and convicted as the actual perpetrator of the attempted murders. All of Williams's contentions challenge misconduct or error which allegedly occurred at his trial or as a result of post-trial motions for resentencing on grounds other than those set out in section 1437. An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed by the trial court; it is not another opportunity to challenge the original judgment on other grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)

To carry his burden, Williams must allege facts which, if true, would demonstrate that he could not presently be convicted of attempted murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Williams's contentions alleging error by the trial court and trial counsel do not satisfy this requirement and are properly rejected.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.